IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK EDWARD SMITH, | : | Civil No. 3:22-cv-1991 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| GEORGE M. LITTLE, *et al.*, | : | |
| Respondents | : | |

FILED
SCRANTON
JAN 23 2023
PER _____
DEPUTY CLERK

## MEMORANDUM

Petitioner Mark Edward Smith ("Smith"), a Pennsylvania state inmate presently confined at the State Correctional Institution at Coal Township, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence imposed in the Monroe County Court of Common Pleas. (Doc. 1). Because the claims contained in the petition are unexhausted, the Court will dismiss the petition without prejudice.

### I. Background

According to the petition, on July 27, 2021, Smith was convicted of burglary, criminal trespass, criminal use of a weapon, and criminal mischief, in Court of Common Pleas of Monroe County Case Number CP-45-CR-0001523-2020. (Doc. 1, p. 4). On January 6, 2022, he was sentenced to a term of imprisonment of one to seven years. (*Id.*). Smith did not file a direct appeal and did not file a collateral appeal under the Post Conviction Relief

Act ("PCRA"), 42 PA. CONS. STAT. § 9541, *et seq.* (*See generally* Doc. 1; *see also Commonwealth v. Smith*, No. CP-45-CR-0001523-2020 (Pa. Ct. Com. Pl. Monroe Cty.)).

On September 3, 2022, Smith filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). The matter was subsequently transferred to the Middle District of Pennsylvania. (*See* Doc. 6). Smith seeks federal habeas relief on four grounds. (*Id.* at pp. 8-17). Smith states that he did not raise any of these claims on direct appeal because the public defender failed to raise the claims on his behalf. (*Id.*). For relief, Smith requests that the Court vacate his conviction and sentence. (*Id.* at p. 18). Respondent argues that the petition must be dismissed based on Smith's failure to raise any of his claims on direct appeal in state court. (Doc. 12).

## II. Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Thus, a state prisoner applying for a writ of habeas

corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective. . . ." *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state"] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (finding that a collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. *Castille v. Peoples*, 489 U.S. 346, 350 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The petitioner generally bears the

burden to prove all facts establishing exhaustion. *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

Exhaustion is not, however, a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Rose*, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. *Rose*, 455 U.S. at 519.

Here, Smith concedes that he did not raise any of his claims on direct appeal or on collateral review. The information contained in the state court electronic docket sheet confirms that Smith has not yet exhausted his state remedies. The time period for filing a direct appeal to the Pennsylvania Superior Court expired before Smith filed his habeas corpus petition in this Court. *See* PA. R. APP. P. 903(a) ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). However, Smith may seek a state remedy other than a direct appeal to the state's highest court in the form of a collateral attack on the conviction and sentence pursuant to the PCRA. *See* 42 PA. CONS. STAT. ANN. §§ 9543-9544. Because Smith has an opportunity to obtain meaningful redress at the state level, and because he has not demonstrated that the corrective process is so clearly deficient as to render futile any effort by him to obtain relief, the Court finds that Smith's habeas petition must be dismissed. The dismissal is without

prejudice to Smith's right to pursue federal habeas relief upon complete exhaustion of available state court remedies.[1]

## III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

---

[1] The Court declines to issue a stay in this matter in accordance with the stay and abeyance rule announced in *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004) as that remedy is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition. The Court is not presented with a mixed petition. There are four claims raised in the petition and none of the claims are exhausted.

*McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, a certificate of appealability will not issue.

## IV. Conclusion

For the reasons set forth above, the petition will be dismissed without prejudice. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: January 23, 2023